**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **vs.** | § | **NO. 1:19-cr-00315-RP** |
| | § | |
| **FERMIN LANDERO-LOPEZ** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

**TO:   THE HONORABLE ROBERT PITMAN
        UNITED STATES DISTRICT JUDGE**

The undersigned submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

### I.   Procedural Background

On March 12, 2020, Fermin Landero-Lopez was sentenced to six months imprisonment, followed by a one-year term of supervised release, for Unlawful Reentry of Deported Alien, in violation of 8 U.S.C. § 1326. His supervision commenced on May 26, 2020, and he was removed to his native country of Mexico the same day.

In a Petition for Warrant or Summons for Offender under Supervision ("Petition") (Dkt. 31), the Probation Office alleges that Mr. Landero-Lopez was found in the United States on October 24, 2020, in violation of the following two conditions of supervision:

- Mandatory Condition No. 1: "The defendant shall not commit another federal, state, or local crime during the term of supervision."

1

- Standard Condition No. 17: "If the defendant is excluded, deported, or removed upon release on probation or supervised release, the term of supervision shall be a non-reporting term of probation or supervised release. The defendant shall not illegally re-enter the United States. If the defendant is released from confinement or not deported, or lawfully re-enters the United States during the term of probation or supervised release, the defendant shall immediately report in person to the nearest U.S. Probation Office."

Judge Robert Pitman authorized the issuance of a warrant for Mr. Landero-Lopez's arrest on November 16, 2020. Dkt. 32. A preliminary and final revocation hearing was set for 2 p.m. on February 8, 2021, before the undersigned. Dkt. 44. Mr. Landero-Lopez has waived his right to a preliminary revocation hearing. Dkt. 45.

## II.  Analysis

Pursuant to Fed. R. Crim. P. 32.1(b)(2) and (c), a person may waive a revocation hearing, and a hearing before modifying the conditions of probation or supervised release is not required if: (A) the person waives the hearing; or (B) the relief sought is favorable to the person and does not extend the term of supervised release; and (C) an attorney for the government has received notice of the relief sought, has had reasonable opportunity to object, and has not done so.

On February 5, 2021, the parties submitted an Agreed Recommended Disposition in Final Revocation Proceeding and Waiver of Defendant's Appearance and Waiver of Hearing ("Agreed Recommended Disposition"). Dkt. 46. The Agreed Recommended Disposition states that Mr. Landero-Lopez wishes to plead true to violating Mandatory Condition No. 1 and Standard Condition No. 17. *Id.* at 1. Specifically:

> Mr. Landero-Lopez admits that he was found inside the United States unlawfully on October 24, 2020, and he did not have permission or documents enabling him to enter the country at that time. He asks the Court to accept his plea of true to the alleged

>  violations of the special conditions and find that the proposed agreed resolution of the case would be an appropriate disposition.

*Id.* at 2.

The filing further states that Mr. Landero-Lopez's counsel has reviewed the Petition and the Adjustment Summary prepared by the Probation Office (Dkt. 40) with Mr. Landero-Lopez and advised him of his right to a preliminary and final revocation hearing, including his rights to either be physically present or to appear by video, and his rights under Fed. R. Crim. P. 32.1(b)(2) to counsel, to the disclosure of the evidence against him, and to make a statement and present mitigating information. *Id.* at 1-2. The Agreed Recommended Disposition states that, after consultation with counsel, Mr. Landero-Lopez wishes to waive his right to be present at his revocation hearing and also wishes to waive the hearing. *Id.* at 2. The agreed filing further states:

> The parties have conferred in this case and agreed that an appropriate resolution of this matter would be to accept Mr. Landero-Lopez's plea of true to the alleged violations of the two conditions, revoke Mr. Landero-Lopez's term of supervised release, sentence Mr. Landero-Lopez to a period of incarceration of seven (7) months, and find that no supervised release should follow. This disposition is favorable to Mr. Landero-Lopez, and the Government does not object to it.

### III.  Findings of the Court

Based on the parties' agreement and the Agreed Recommended Disposition, as well as Mr. Landero-Lopez's plea of "True" to the violations of Mandatory Condition No. 1 and Standard Condition No. 17, the Court finds that Mr. Landero-Lopez violated conditions of his supervised release by illegally re-entering the United States, where he was found on October 24, 2020.

## IV. Recommendations

Based on the agreement of the Government and the Defendant (Dkt. 46), the Court **RECOMMENDS** that Mr. Landero-Lopez's supervised release be **REVOKED** and that he be sentenced to seven (7) months incarceration, with credit for time served in custody beginning October 24, 2020, with no supervised release to follow.

## V. Objections

Because this is an agreed disposition, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act on it.

**SIGNED** on February 5, 2021.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE